**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49759/49760**

| | |
|---|---|
| STATE OF IDAHO, )<br><br>        Plaintiff-Respondent, )<br><br>v. )<br><br>LESLIE TORRES, )<br><br>        Defendant-Appellant. ) | **Filed:  April 5, 2023**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County.  Hon. Jonathan P. Brody, District Judge.

Order revoking probation and executing the previously suspended sentence in Docket No. 49759; and judgment of conviction and sentence and order denying Idaho Criminal Rule 35 motion in Docket No. 49760, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

        This appeal involves two consolidated cases.  In Docket No. 49759, Leslie Torres pled guilty to felony driving under the influence, Idaho Code §§ 18-8004, -8005(6).  The district court imposed a unified sentence of six years, with three years determinate, suspended the sentence, and placed Torres on probation.  Subsequently, Torres violated the terms of her probation, in part by incurring new criminal charges in Docket No. 49760.  Torres admitted to violating the terms of the probation in Docket No. 49759, and pled guilty to felony driving under the influence, I.C. § 18-8004, -8005(9), in Docket No. 49760.

1

At the consolidated disposition hearing and sentencing hearing, Torres asked the district court to suspend the sentences and retain jurisdiction in each case. In Docket No. 49759, the district court revoked probation and ordered execution of the previously suspended sentence. In Docket No. 49760, the district court imposed a unified sentence of seven years, with six months determinate, to run consecutively with her sentence in Docket No. 49759. Torres filed an Idaho Criminal Rule 35 motion in Docket No. 49760 which the district court denied. Torres appeals contending that the district court abused its discretion in revoking probation or by not retaining jurisdiction in Docket No. 49759, and by imposing sentence in Docket No. 49760 without retaining jurisdiction. She also asserts the district court abused its discretion by denying her I.C.R. 35 motion in Docket No. 49760.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation or in ordering execution of Torres's sentence without retaining jurisdiction.

Next, sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that retaining jurisdiction was not appropriate.

Last, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Torres's I.C.R. 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Torres's I.C.R. 35 motion is affirmed.

Applying the foregoing standards and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Torres's previously suspended sentence in Docket No. 49759 is affirmed. Further, the judgment of conviction and sentence and order denying Torres's I.C.R. 35 motion in Docket No. 49760 are affirmed.